CHRISTOPHER HAWKINS.
(Name)

5905 LAKE EARL DRIVE
(Address)

CRESCENT CITY, CA. 95532.
(City, State, Zip)

CC 0532.
(CDCR / Booking / BOP No.)

PELICAN BAY STATE PRISON.

# United States District Court
## ~~Southern~~ District of California
### NORTHERN.

CHRISTOPHER HAWKINS. ,

(Enter full name of plaintiff in this action.)

                Plaintiff,

v.

DYLAN LARSON, Et Al. , DOES 1-10.
SHIRLEY FEATHERS, WARDEN WASCO STATE PRISON. Et. Al. DES 1-10
WASCO STATE PRISON. Et Al, DES. 1-10
STATE OF CALIFORNIA , Et Al, :DES 1-10.
(Enter full name of each defendant in this action.)

                Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No._____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

28 U.S.C. § 1332 (A). SEE EXXON MOBIL CORP. V. ALLAPATTAH SERVS., 545 U.S. 546, 125 S.Ct. 2611 (2005).

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, CHRISTOPHER HAWKINS.
                                            (print Plaintiff's name)
, who presently resides at ~~5905 LAKE EARL DR.~~ PELICAN BAY STATE
                                        (mailing address or place of confinement)
PRISON 5905 LAKE EARL DRIVE, CRESCENT CITY, CA. 95530. , were violated by the actions of
the below named individuals. The actions were directed against Plaintiff at WASCO STATE PRISON
RECEPTION           on (dates) 4/16/23 , PC-242 , and ASSAULT . .
   (institution/place where violation occurred)                 (Count 1)       (Count 2)       (Count 3)

§ 1983 SD Form
(Rev. 8/15)

2. Defendants: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant DYLAN LARSON _____ resides in SAN BERNADIO / WASCO CA. _____ ,
                (name)                              (County of residence)
and is employed as a PRISONER IN THE INSTITUTION. _____ . This defendant is sued in
                        (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: PRISONER LIABLE FOR ASSAULT \ BATTERY WITH INJURY.

_____

_____ .

Defendant SHIRLEY HEATHERS _____ resides in WASCO CALIFORNIA _____ ,
                (name)                                  (County of residence)
and is employed as a WARDEN OF THE FACILITY. _____ . This defendant is sued in
                        (defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
                                    DEFENDANT
color of law: NAME OF THE PLAINTIFF WHERE I WAS INCARCERATED, & INDIVIDUAL
LIABLE FOR INJURY SUSTAINED WITHIN THE GUIDELINES CROOKER v. BURNS, 544 F. SUPP. 2D 69,
107 (D. MASS 2008). GOVERNMENTAL DEFENDANT SUBJECT TO 1915A SCREENING. _____ .

Defendant WASCO STATE PRISON _____ resides in WASCO CALIFORNIA. _____ ,
                (name)                                  (County of residence)
and is employed as a STATE FACILITY CORRECTIONAL _____ . This defendant is sued in
                        (defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: FACILITY OF INCARCERATION UNDER STATE REGULATION OF GUIDELINE
AND OPERATION., ADMINISTRATOR. SEE DIRECT ACCORD MONROE v. PAPE, 365 U.S. 167, 184, 81 S.Ct.
473 (1961). ACTUAL GOVERNMENTAL STATUS. RESPONSIBLE FOR STATE AND FEDERAL VIOLATION. _____ .

Defendant STATE OF CALIFORNIA _____ resides in _____ ,
                (name)                                  (County of residence)
and is employed as a STATE REGULATION FOR FACILITY UNDER JURISDICTION.. This defendant is sued in
                        (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under
color of law: UNINCORPORATED ESSENTIAL, ACTUAL GOVERNMENTAL STATUS RESPONSIBLE FOR STATE AND FEDERAL VIOLATION.
CONCERNING THE USE OF JOHN DOE DEFENDANTS, SEE DAVIS v. KELLY, 160 F.3D 917, 921 (2D CIR.
1998) AND CASES CITED; SOTO v. BROOKLYN CORRECTIONAL FACILITY, 80 F.3D 34, 37 (2D CIR. 1996) .

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: _Inmate Assault, Due Process_

(E.g., right to medical care, access to courts,

_Screen Out -_ _____.

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

See Figuora v. Smith, 238 F. Supp. 2D 658, 661 (D. Del. 2002).
Causation and Suing the Right Defendants under Color of State or Federal Law. (FTCA).

Tort Claims For Inmate Assaults.
McKenna v. County of Nassau, 538 F. Supp. 737, 741 (E.D.N.Y. 1982) (Assault caused by Policy of Over Crowding and Failure to Respond to its Consequences), Aff'd 714 F.2d 115 (2D Cir. 1982).

* Supporting Documents Attached Of California Department Of Corrections & Rehabilitation Disciplinary Hearing Results Rules Violation Report # Log - 00000000 7289850 4/6/23 Violation Date Stating The Offense Of The Attack By Multiple Prisoners With Action Taken By Staff Members Of Wasco State Prison & Due Process.

See Giraldo v. California Dep't Of Corrections And Rehabilitation, 168 Cal. App. 4th 231, 246-53, 85 Cal. Rptr. 3rd 371 (2008) And Cases And Treatises Cited; Sanchez v. State, 36 A.D. 3D 1065, 827 N.Y.S. 2D 338, 339 (N.Y. App. Div. 2007).
Government Code § 840.2.) (Government Employees Could Be Held Liable For Dangerous Conditions Only If They Had Immediately Available The Authority, Funds And Other Means To Correct Them); Webb v. Lawrence County, 144 F.3D 1131, 1139 (8th Cir. 1998).
This Would Include Over Crowding, Brown v. U.S., 486 F.2D 284, 288-89 (8th Cir. 1973).
Hackett v. U.S., 462 F. Supp. 131, 133 (N.D. Tex. 1978) Plaintiff Who Failed To Notify Defendants Of Dangers To Him Was Negligent And Assumed The Risk), Aff'd, 606 F.2D 319 (5th Cir. 1979);
Walker v. U.S., 437 F. Supp. 1081, 1083 (D. OR. 1977).

* "Reporting Officer" Inmate Larson And Inmate Hunter Continued Their Attack On Inmate Hawkins Who Was On The Ground Defending Himself By Striking Back With A Closed Fist." See Rule 10, Fed. R. Civ. P.

Count 2: The following civil right has been violated: <u>DELIBERATE INDIFFERENCE, NEGLIGENCE.</u>

(E.g., right to medical care, access to courts,

_____.

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

FED RULE 8 (A), FED. R. CIV. P.

SEE, E.G., ASHFORD V. DISTRICT OF COLUMBIA, 306 F. SUPP. 2D 8, 14-15 (D. D.C. 2004).

SEE, E.G., DAVIDSON V. CANNON, 474 U.S. 344, 346-47, 106 S.CT. 668 (1986).

NEGLIGENCE IS GENERALLY CONSIDERED EASIER TO PROVE THAN DELIBERATE INDIFFERENCE, SINCE SIMPLE CARELESSNESS BY PRISON PERSONNEL MAY ESTABLISH NEGLIGENCE., THROUGH AND BY CONSTITUTIONAL PROCEDURES ESTABLISHED BY POLICY.

DISPOSITION IS THE RVR. LOSS OF PRIVILEGES THAT LED TO 90 DAYS LOSS OF CREDIT FOR 2ND OFFENSE DURING ANOTHER ASSAULT AT PLEASANT VALLEY STATE PRISON.

MARSH V. BUTLER COUNTY, ALA., 268 F.3D 1014, 1028-30 (11TH CIR. 2001) (EN BANC)
FARMER, 511 U.S. AT 843; SEE BROWN V. BUDZ, 398 F.3D 904, 914-15 (7TH CIR. 2005).
(HOLDING DELIBERATE INDIFFERENCE ESTABLISHED BY KNOWLEDGE.

PIERSON V. HARTLEY, 391 F.3D 898, 903 (7TH CIR. 2004) (HOLDING THAT A PRISONER COULD RECOVER FOR ASSAULT BY A VIOLENT PRISONER ASSIGNED TO A "MERITORIOUS HOUSING" UNIT IN VIOLATION OF PRISON POLICY REGARDLESS OF WHETHER PRISON STAFF KNEW OF THE RISK TO THE PARTICULAR PRISONER WHO WAS INJURED).

SEE HALEY V. GROSS, 86 F.3D 630, 641 (7TH CIR. 1996).
BUT SEE WEBB V. GOORD, 340 F.3D 105, 110 (2D CIR. 2003).

<u>Count 3</u>:  The following civil right has been violated:  Disciplining Prisoners For Criminal Referral (Prosecution).
(E.g., right to medical care, access to courts,

Pro-Se Appointment Of Counsel, Total Exhaustion.

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:  [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

See E.g., Litzinger v. Bruce, 41 Kan. App. 2d 9, 11, 201 P.3d 707 (Kan. App. 2008) Dismissal For Failure Discovery To Exhaust.

Discovery - See, E.g., Johnson v. Howard, 20 F.Supp.2d 1128, 1129 (W.D. Mich. 1998). Klingele v. Eikenberry, 849 F.2d 409, 412 n. 1 (9th Cir. 1988). Discovery Rules For Pro-Se Litigants.

Supporting Proof.

Porter v. Coughlin, 421 F.3d at 146 - 46 (Prisoner Can Be Disciplined For The Same Acts After Successful Criminal Prosecution); U.S. v. Brown, 59 F.3d 102, 104 - 06 (9th Cir. 1995).

People v. Jones, 301 Ill. App.3d 608, 703 N.E.2d 994 (App. 1998).

- Kern County District Attorney Referral For Criminal Charges Has Been Requested Through grievance processes @ the Current Facility, Michael Betzinger (Acting Warden), Pelican Bay State Prison.

Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994).

Redman v. City Of San Diego, 942 F.2d 1435, 1444 (9th Cir. 1991) (En Banc); Roland v. Johnson, 856 F.2d 764, 770 (6th Cir. 1988) (Failure To Reclassify Exploitive Inmates); Vosburg v. Solem, 845 F.2d 763, 767 (8th Cir. 1988.). Cottone v. Jenne, 326 F.3d 1352, 1358-59 (11th Cir. 2003); Odom v. South Carolina Dept Of Corrections, 349 F.3d 765, 772 (4th Cir. 2003).

§ 1983 SD Form
(Rev. 8/15)                                    5

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:

Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

(d)  Issues raised: _____

_____

_____

_____

(e)  Approximate date case was filed: _____.

(f)  Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not exhausted.

SEE, E.G., SANFORD V. MANTERNACH, 601 N.W.2d 360, 360-68 ( IOWA 1999)
BRYANT V. RICH, 530 F.3D 1368, 1379 ( 11th CIR. 2008) (HOLDING PRISONER WHO SAID THAT HE
DIDN'T GRIEVE FOR FEAR OF ASSAULT SHOULD HAVE EXHAUSTED AFTER TRANSFER), CERT. DENIED, 129 S. Ct. 733
(2008).
SEE COX V. MAYER, 332 F.3D 422, 428 (6th CIR. 2003.) 42 U.S.C. §1997 E(E).

*A 602 WAS FILED WITHIN THE FACILITY 4-7-26, 1 Pm AT PELICAN BAY STATE PRISON FOR
APPEAL AND EXHAUSTION OF SCREEN OUT. .

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:     WolFF v. McDonnen, 418 U.S. 539, 554

1. An injunction preventing defendant(s):     55, 94 S.Ct. 2963 (1974).

PRELIMINARY INJUNCTION FOR OVER CROWDING & ARREST ORDER.

PANGBURN v. GOORD, 1999 WL 222553, *7 (W.D.N.Y., APR. 12, 1999), SEE Also COLEMAN V.

SCHWARZENEGGER, 2007 WL 2122036 (E.D.CAL., JULY 23, 2007); PLATA V. SCHWARZENEGGER, 2007

WL 2122057 (N.D. CAL., JULY 23, 2007) & TEMPURY RESTRAINING ORDER.

2. Damages in the sum of $ 250,<sup>000,000.000</sup>

3. Punitive damages in the sum of $ 250,<sup>000,000.000</sup>

4. Other: MENTAL & EMOTIONAL INJURY $250,000,000.000 MAKER V. HAPONIK, 1999 WL

76798, *7 (S.D.N.Y., FEB. 17TH 1999). SEE ROBINSON V. PAGE, 170 F.3D 747, 748 (7TH CIR. 1999).

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court.  (Choose one.)

4-5-26.  4PM
_____
Date

_____
Signature of Plaintiff

SUPPORTING DOCUMENTS.

Count 1.

DISCIPLINARY HEARING RESULTS. 4/16/23

Log#: occ00000 7289850.

3-21-26
TORT M83

CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: Wasco State Prison | Facility: WSP-Facility H | Log Number: 000000007289850 |
| Inmate Name: HAWKINS, CHRISTOPHER T. | CDC #: BT6507 | Bed Number: WSP-H - H 001 1 - 000120L |
| TABE Score: | MH LOC: UNK | DDP Status: NCF |

## DUE PROCESS

Rule Violation #: 3005(d)(1)                     Specific Act: Fighting

Level: Serious                                    Offense Division: Division D

Offense Occurrence: 1st Occurrence

Violation Date: 04/06/2023                        Violation Time: 20:36:00

Hearing Date: 05/12/2023                          Hearing Time: 17:45:00

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 04/06/2023 | 21:23:23 | RVR Ready for Review by Supv. | J. Toumoua | 0 |
| 04/10/2023 | 14:22:01 | RVR Approved by Supervisor | B. Tabarez | 4 |
| 04/10/2023 | 20:02:52 | RVR Classified | B. Gentry | 4 |
| 04/15/2023 | 20:57:19 | SA Assigned | D. ARELLANO | 9 |
| 04/15/2023 | 20:59:12 | IE Assigned | D. ARELLANO | 9 |
| 04/15/2023 | 20:59:47 | Inmate Copy Served Initial Rules Violation Report; Medical Evaluation Report | D. ARELLANO | 9 |
| 04/18/2023 | 21:06:49 | IE Interview | J. Gonzalez | 12 |
| 04/18/2023 | 21:07:21 | IE Report Prepared | J. Gonzalez | 12 |
| 04/18/2023 | 21:08:33 | IE Report Ready for Review | J. Gonzalez | 12 |
| 04/19/2023 | 20:42:35 | SA Report Prepared | D. ARELLANO | 13 |
| 04/19/2023 | 20:43:18 | SA Report Ready for Review | D. ARELLANO | 13 |

| 04/20/2023 | 14:29:17 | SA Report Approved by Supervisor | B. Tabarez | 14 |
| 04/20/2023 | 20:18:46 | IE Report Approved By Supervisor | B. Tabarez | 14 |
| 04/20/2023 | 20:55:48 | Inmate Copy Served<br>Staff Assistance Report; Investigative Report | D. ARELLANO | 14 |

All Time Constraints Met?:  Yes                    SHO/HO DDP Certified?: [Yes]

**Due Process Additional Information:**

## HEARING

☉
Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.
◉ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

## DISABILITY

☐ Hearing ☐ Vision ☐ Mobility ☐ Learning ☐ Developmental/Cognitive ☐ Other ☑ None

Requires Accommodation? [No]

### DDP Specific Information

128-C2 Reviewed? [Yes]                         Current DDP Status Date: [04/05/2023]

Did the Reporting Employee document the use of Adaptation Support(s)? [N/A]

| Adaptive Support | Contribute | How | |
|---|---|---|---|
| | | | |

| Victimization | Contribute | How | |
|---|---|---|---|
| | | | |

**Disability Additional Information:**

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:  N/A

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:  N/A

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:  N/A

Clinical Staff determined Mental Health Symptoms contributed to behavior:  N/A

Clinical Staff determined Developmental Disability contributed to behavior:  N/A

Clinical Staff provided information when assessing the penalties:  N/A

## STAFF ASSISTANT

Staff Assistant Assigned: Yes

Reason for assignment of Staff Assistant: TABE Score 4.0 or below

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---------|---------------|------------|--------------------------------|----------|---|
| D. ARELLANO | 04/15/2023 | Yes | Yes | Yes | |

**Staff Assistant Additional Information:**

The Subject refused to sign the 115A. Therefore, an SA was assigned on his behalf and present for the hearing.

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: Yes

Reason for assignment of Investigative Employee: Housing Status

**Investigative Employee Additional Information:**

The Subject refused to sign the 115A. Therefore, an IE was assigned and potential witnesses were questioned resulting in no relative information.

## CONFIDENTIAL INFORMATION

Confidential Information Used:  No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|------------------------------|--------------------------------|-------------------------------|--------------------|---------------------|----------------------------------------------|---|
| | | | | | ☒ Information which, if known to inmates, would endanger the safety of person(s). ☒ Information which, if known to inmates, would jeopardize the security of the institution. ☒ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☒ Information provided | |

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|---|---|---|---|---|---|---|
| | | | | | and classified confidential by another governmental agency. ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to be true. ☐ Other confidential sources have independently provided the same information. ☐ The information provided by the confidential source is self-incriminating. ☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources. ☐ The confidential source is the victim. ☐ This source successfully completed a polygraph examination. | |

**Confidential Additional Information:**

_____

## WITNESSES

Witnesses requested at Hearing

☐ Reporting Employee          ☐ Staff Assistant          ☐ Investigative Employee

☐ Other          ☐ Inmate          ☑ None

| Non-Inmate Witness(es) | | | | |
|---|---|---|---|---|
| Name | Rank | Type | Granted? | |
| | | | | |

**Questions Asked**

_____

**Inmate Witness(es)**

| CDC# | Name | Bed | Granted? | |
|------|------|-----|----------|--|
| | | | | |

**Questions Asked**

| |
|--|
| |

**Witness Additional Information:**

| |
|--|
| |

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: ‎Not Guilty‎

◉ Subject declined to make a statement
◉ Subject made a statement

**Comments:**

"I have no statement."

## FINDINGS

Subject was found: ‎Guilty as Charged‎ based on a preponderance of evidence.

Lesser Included Charge:

Level:                                                   Offense Division:

Offense Occurrence:

**Comments:**

The RVR articulates staff observing the Subject and his fellow combatants striking each other in the face and upper torso area with their fists. Orders were given to stop fighting and get down. The combatants disregarded staff's orders and continued to fight. Subsequent orders were given and the combatants complied. CDCR 7219s were conducted, noting injuries to all (3) combatants. An Investigative Employee was assigned due to the Subject's refusal to sign the 115A. Potential witnesses were interviewed, yielding no relevant information. The Subject's act was in violation of California Code of Regulations Title 15 3005(d)(1) which states, "Inmates shall not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person." During the hearing, the Subject entered a plea of "Not Guilty", and did not provide any evidence to exonerate himself of the charge. Additionally, the Subject stated he had no statement and was unwilling to explain the circumstances of the incident. The SHO finds the reporting employee's report and CDCR 7219s to be credible, and outweighing the Subject's plea. Based on the aforementioned, the SHO is compelled to find the Subject "Guilty as charged."

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

| |
|--|
| |

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: ‎No‎

AVSS Impact:

**Comments:**

1. The reporting employee's report which states in part, "I ordered all inmates to get down which they complied with the exception of inmates Larson, Hunter and Hawkins. Inmate Larson and inmate Hunter continued their attack on inmate Hawkins who was on the ground defending himself by striking back with closed fist."
2. (3) CDCR 7219s noting injuries the Subject (neck-scratch/ back-reddened area/ left hand-reddened area/ left knee-abrasion), Inmate Hunter (head-reddened area/ back-reddened area), and Inmate Larson (back-reddened area/ right hand-reddened area).

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 05/12/2023 | 06/11/2023 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 30 Days | No | ☐ | ☐ | ☐ | ☐ | 05/12/2023 | 06/11/2023 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☑ | ☑ | ☑ | ☑ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:  with reprimand

☐ Impose Suspended Sanctions                ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

**Comments:**

Referred to Classification Committee  N/A

For ☐ SHU Term Assessment ☐ Program Review ☐ Un-Assignment ☐ Substance Abuse Treatment

**Disposition Additional Information:**

## ENEMY CONCERNS

◉ Not Applicable

◉ Subject states he/she does not have Enemy or Safety Concerns.

◎

One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:

◎

Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?: No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

| Contraband Type | Disposition | Disposition Comments | |
|---|---|---|---|
| | | | |

**Additional Information:**

No enemy concerns noted per 128B Compatibility Chrono dated 4/6/2023.

## CREDIT RESTORATION

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

**Hearing Official**

S. Sanchez ◎

TITLE:
Lt.

DATE:
05/13/2023

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                               Offense Division:

Offense Occurrence:                  CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Confined to Quarters Weekends | | | ☒ | ☒ | ☒ | ☒ | | |
| Disciplinary Detention | | | ☒ | ☒ | ☒ | ☒ | | |
| Privilege Group C | | | ☒ | ☒ | ☒ | ☒ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☒ | ☒ | ☒ | ☒ | | |
| Phone Privileges | 30 Days | No | ☒ | ☒ | ☒ | ☒ | 05/12/2023 | 06/11/2023 |
| Extra Duty | | | ☒ | ☒ | ☒ | ☒ | | |
| Yard Recreation Privileges | 30 Days | No | ☒ | ☒ | ☒ | ☒ | 05/12/2023 | 06/11/2023 |
| Day Room Privileges | | | ☒ | ☒ | ☒ | ☒ | | |
| Packages Privileges | | | ☒ | ☒ | ☒ | ☒ | | |
| Property Restrictions | | | ☒ | ☒ | ☒ | ☒ | | |
| Visiting Privileges | | | ☒ | ☒ | ☒ | ☒ | | |
| Contact Visiting Privileges | | | ☒ | ☒ | ☒ | ☒ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☒ | ☒ | ☒ | ☒ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☑ Impose Suspended Sanctions    ☐ Reinstate Suspended Sanctions

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

---

| K. Carpenter | | |
|---|---|---|
| | TITLE:  DATE: | |
| | CDO(A)  05/21/2023 | |

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

## PROOF OF SERVICE BY MAIL

<u>BY PERSON IN STATE CUSTODY</u>
(Fed. R. CIV. P. 5:528 U.S.C. 1746)

I, CHRISTOPHER HAWKINS. _____, declare: I am over eighteen (18) years of age and am a party to this action. I am a resident of <u>Pelican Bay State Prison</u>, in the <u>County of Del Norte</u>, <u>State of California</u>. My State Prison address is: <u>Pelican Bay State Prison, PO Box 7500</u>, Housing Unit <u>D-7</u> Cell Number <u>222.</u>, Crescent City, CA 95532-7500.

On the _____ day of _____, I served the following document(s):

Complaint under the Civil Rights Act 42 U.S.C. § 1983.

_____

_____

On the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States mail in a receptacle so provided at Pelican Bay State Prison, Crescent City, CA 95532, and addressed as follows:

| | |
|---|---|
| SHIRLEY HEATHERS. WARDEN. | UNITED STATES DISTRICT COURT |
| WASCO STATE PRISON. | NORTHERN DISTRICT OF CALIFORNIA |
| P.O. Box 9900 | 3140 Boeing Avenue |
| WASCO CA, 3280. | McKinleyville, CA, 95519. |

I declare under penalty of perjury that the foregoing is true and correct.

_____     4-5-26. 4Am
Inmate Signature                                    Date

15